667 F.2d 882
 29 Fair Empl.Prac.Cas. 1012,
30 Empl. Prac. Dec. P 33,085,
30 Empl. Prac. Dec. P 33,086
Rickey L. CHRISTO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD and United States Postal
Service, Respondents.
 No. 81-1121.
 United States Court of Appeals,
Tenth Circuit.
 Submitted July 6, 1981.
Decided Nov. 27, 1981.
Mandate Recalled, Judgment of Dismissal Vacated and Petition
Transferred, Feb.
10, 1982.
 
 Richard M. Borchers, Westminster, Colo., for petitioner.
 Joseph F. Dolan, U. S. Atty., and Beverly R. Buck, Asst. U. S. Atty., Denver, Colo. (Stephen E. Alpern, Associate Gen. Counsel, Washington, D. C., and Gregg R. Sackrider, Asst. Regional Labor Counsel, U. S. Postal Service, Chicago, Ill., of counsel), for respondents.
 Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Respondents Merit Systems Protection Board and the United States Postal Service seek dismissal of this appeal for lack of jurisdiction. We hold that jurisdiction in this matter is vested exclusively in the district court and accordingly dismiss this appeal.
 
 
 3
 Petitioner Christo was suspended and subsequently terminated from his position as a mail handler with the United States Postal Service in July 1979. Pursuant to provisions of the Civil Service Reform Act of 1978 (the Act), 5 U.S.C. §§ 7701(a) and 7702, he appealed his suspension and termination to the Merit Systems Protection Board (MSPB), alleging improper agency action and discrimination based on race and handicap.
 
 
 4
 Following an initial hearing and decision by the Field Office, Christo filed a petition for review with the MSPB under 5 U.S.C. § 7701(e)(1). The MSPB vacated the initial decision and remanded the matter for:
 
 
 5
 (1) Further development of the affirmative defense raised by the petitioner that the actions against him were based in whole or in part on discrimination and handicapping conditions; and
 
 
 6
 (2) A new adjudication of the appeals.
 
 
 7
 Rec., Vol. I, at 177-78. The termination of Christo was upheld after a second hearing.
 
 
 8
 Christo timely filed a petition for review with this court, citing as the basis for jurisdiction 5 U.S.C. § 7703(b)(1):
 
 
 9
 Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.
 
 
 10
 (Emphasis added). Shortly thereafter, Christo filed a civil rights complaint under 42 U.S.C. § 2000e-16(c) and 5 U.S.C. § 7703(b)(2) in the United States District Court for the District of Colorado, alleging that his termination from the United States Postal Service was the result of racial discrimination. 5 U.S.C. § 7703(b)(2) reads in pertinent part:
 
 
 11
 Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)) .... Notwithstanding any other provision of law, any such case ... must be filed within 30 days after the individual filing the case received notice of a judicially reviewable action under such section 7702.
 
 
 12
 The issue before this court is whether in a mixed case containing both a claim of improper agency action and a claim of discrimination, jurisdiction exists simultaneously in the court of appeals on the final agency action and in the district court on the discrimination claim.
 
 
 13
 Research has uncovered no case law dealing with this question. However, the various statutory provisions of the Act and its legislative history indicate a clear Congressional preference for combining various aspects of a single agency determination under one review proceeding, both in the administrative and judicial channels.
 
 
 14
 At the administrative level, the Board has 120 days from the time an appeal is filed to decide cases in which the employee both appeals to the MSPB under section 7702(a)(1)(A) and also "alleges that a basis for the action was discrimination" prohibited by the enumerated statutes under section 7702(a)(1) (B) (emphasis added). The House Conference Report accompanying the Act explains that "(i)n all mixed cases, that is, cases involving any action that could be appealed to the MSPB and which involve an allegation of discrimination, the MSPB will hold hearings and issue a decision on both the issue of discrimination and the appealable action." H.R.Rep.No.1717, 95th Cong., 2d Sess., reprinted in (1978) U.S.Code Cong. & Ad.News 2723, 2873 (emphasis added).
 
 
 15
 If the administrative time periods have run and no judicially reviewable action has been taken by the agency, the aggrieved employee is entitled to file his discrimination action under 5 U.S.C. § 7702(e)(1). Further, section 7702(e)(3) provides that:
 
 
 16
 Nothing in this section shall be construed to affect the right to trial de novo under any provision of law described in subsection (a)(1) of this section after a judicially reviewable action, including the decision of an agency under subsection (a)(2) of this section. ([1]
 
 
 17
 Senate Report No. 969, 95th Cong., 2d Sess., reprinted in (1978) U.S.Code Cong. & Ad.News 2775, states that the Act provides for review by the MSPB of:
 
 
 18
 (a)ll actions appealable under the other provisions of this bill, even if the appeal also involves issues of discrimination. This will allow the Board to consider, as related aspects of the same case, allegations that there had (sic ) been violations of the merit system principles implemented by title V, as well as the anti-discrimination laws. In such cases, questions of the employee's inefficiency or misconduct, and discrimination by the employer, will be two sides of the same question which must be considered together. Any provision denying the Board jurisdiction to decide certain adverse action appeals because discrimination is raised as an issue would make it impossible for the government to have a single unified personnel policy which took into account the requirements of all the various laws and goals governing Federal personnel management. In the absence of full Board jurisdiction, forum shopping and inconsistent decisions, perhaps arising out of the same facts, would result.
 
 
 19
 (Emphasis added). The explanation accompanying sections 7701(f), (h), and (i) stresses that for agency appellate review:
 
 
 20
 (t)he appeal must be to the Board whether the employees (sic ) alleges only that the agency action was unlawful under the laws prohibiting discrimination, or the employee alleges only that the procedural and substantive protection afforded him under the personnel laws in title V were (sic ) violated, or he alleges a violation of any combination of these different laws. The Board has jurisdiction whether the employee raises the discrimination laws as a defense or answer to the agency action, or whether the employee files a separate complaint against his employer under the anti-discrimination laws for proposing to take the appealable action against him.
 
 
 21
 Id. at 2778 (Emphasis added).
 
 
 22
 The need for consistency in judicial review is addressed by the Senate Report in the discussion on the judicial review provisions:
 
 
 23
 Subsection (b) specifies the forum in which an employee or applicant may bring the review proceeding. Currently employees who wish to challenge Commission decisions generally file their claims with U. S. District Courts. The large number of these courts has caused wide variations in the kinds of decisions which have been issued on the same or similar matters. The section remedies the problem by providing that Board decisions and orders (other than those involving discrimination complaints and determinations concerning life and health insurance) be reviewable by the Court of Claims and U. S. Courts of Appeals, rather than by U. S. District Courts.
 
 
 24
 Under the anti-discrimination laws an employee has 30 days from the final agency action to initiate a de novo district court proceeding. District court is a more appropriate place than the Court of Appeals for these cases since they may involve additional fact-finding. Furthermore, discrimination complaints involving employees outside the Federal government are now considered by U. S. District Courts. To encourage uniformity in judicial decisions in this area both kinds of cases should continue to be considered by the U. S. District Court. The section therefore exempts from the general requirement that employees appeal to the Court of Appeals or Court of Claims those suits brought pursuant to the anti-discrimination laws.
 
 
 25
 Id. at 2785 (Emphasis added).
 
 
 26
 The statute itself provides that review of a final decision of the Board shall be in the court of appeals or the Court of Claims except in cases of discrimination subject to the provisions of section 7702. 5 U.S.C. § 7703(b) (1). In discrimination cases where review is provided in district court under section 7703(b)(2), the employee has the right to trial de novo.[2] 5 U.S.C. § 7703(c).
 
 
 27
 Clearly, one of the underlying purposes of this Act is to promote consistency in both the administrative and judicial decision making processes. While the statutory judicial review provisions under 5 U.S.C. § 7703 are less than crystal clear, we cannot ascribe to Congress the intent that one administrative proceeding, with its extensive hearing, decision making, and review provisions, becomes two appeals under different judicial review procedures.
 
 
 28
 We hold that where review is sought under the Civil Service Reform Act for those matters in which jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action comes within the jurisdiction of that court. This court has jurisdiction, under 5 U.S.C. § 7703(b)(1), only over those cases seeking review of final agency actions in which no claim of discrimination has been preserved for judicial review.
 
 
 29
 In this case, Christo timely filed both his petition for review in this court and his civil rights complaint in district court. This action is dismissed for lack of jurisdiction. Christo may proceed on his claim in district court.
 
 
 30
 PETITION DISMISSED.
 
 ON PETITION FOR REHEARING
 
 31
 Christo contends in his petition for rehearing that the complaint he filed in district court relates only to the issue of discrimination and does not include the nondiscrimination issues raised in this petition for review. He fears that an expansion of that complaint may be untimely.
 
 
 32
 In its motion to dismiss this petition, the government alternatively had requested that the petition be transferred to the district court. Because the forum of review issue presented in the motion to dismiss is one of first impression, and the statutory provisions governing judicial review are less than clear, we believe the interests of justice will best be served if the petition for review is transferred rather than dismissed.
 
 
 33
 The mandate of this court is recalled and the judgment of this court dismissing the petition is vacated. It is further ordered that the clerk of this court transfer this petition to the United States District Court for the District of Colorado. In all other respects the opinion previously entered is affirmed.
 
 
 34
 The mandate shall issue forthwith.
 
 
 
 [1]
 The reference to 5 U.S.C. § 7702(a)(1) and (2) are to those mixed cases in which both nondiscrimination and discrimination claims are raised
 
 
 [2]
 By comparison, the standards for review by this court of a final agency decision are set forth in 5 U.S.C. § 7703(c). The court must review the record and may only set aside those agency actions, findings, or conclusions which are:
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 (3) unsupported by substantial evidence.
 5 U.S.C. § 7703(c).