**Richard J. WALL, Plaintiff,**

v.

**UNITED STATES of America, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Otis Bowen; Merit Systems Protection Board; and Herbert Ellingwood, Defendants.**

Civ. A. No. 85–2307.

United States District Court,
D. Kansas.

June 3, 1986.

Paul T. Grahovac, McDonald, Dykes, Christlieb & Shields, Overland Park, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Julie R. Trice, Asst. U.S. Atty., Kansas City, Kan., Rita Arendal, Office of General Counsel, Dept. of Health & Human Services, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of defendants Department of Health and Human Services [hereinafter the Department] and Otis Bowen to dismiss for lack of subject matter jurisdiction, and the motion of defendants Merit Systems Protection Board [hereinafter MSPB] and Herbert Ellingwood to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff has requested that the court hear oral argument on defendants' motions. Because we do not find that oral argument would be beneficial in this case, plaintiff's request will be denied.

This is an action brought by a former employee of the Department pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* Plaintiff was employed by

the Department from 1973 to September 28, 1984, as an Intergovernmental and Congressional Affairs Specialist. On September 18, 1984, the Department informed plaintiff of its decision to remove him from his position because of his physical disability. Plaintiff's removal was to become effective September 28, 1984. Plaintiff conferred with Employee Relations Specialists at the Department concerning his retirement rights. Plaintiff's complaint alleges that they furnished him with misleading information and, based on this information, he executed an application for retirement with an effective date of September 28, 1984.

Thereafter, plaintiff filed an appeal with the MSPB claiming that his retirement was involuntarily extracted and that the Department's actions had discriminated against him on the basis of his age and handicap. After conducting a hearing, the MSPB found that plaintiff's retirement was voluntary and, consequently, it did not have jurisdiction to hear plaintiff's appeal. Plaintiff petitioned for review of the MSPB's decision. The MSPB denied the petition and its initial decision became a final order. Plaintiff then contemporaneously filed this action in district court and filed a petition for review of the MSPB's order in the United States Court of Appeals for the Federal Circuit. After defendants in this action filed the motions to dismiss presently before the court, plaintiff moved the Federal Circuit for a stay of the appellate proceedings pending our determination of these motions. The Federal Circuit stayed its proceedings pending a ruling of this court and the Tenth Circuit Court of Appeals.

I. *Motion to Dismiss by Defendants Department of Health and Human Services and Otis Bowen.*

■ Defendants move to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiff argues in his memorandum that defendants' motion should be treated as one for summary judgment because defendants have submitted matters outside the pleadings. Plaintiff's argument is clearly erroneous. The court may consider matters outside the pleadings under any motion made pursuant to Rule 12(b), with the exception of 12(b)(6), without converting it to a motion for summary judgment. 5 Wright and Miller, *Federal Practice and Procedure* § 1350 at 547, 549–50, § 1364 at 668, § 2713 at 592–93 (1969). *See also Thompson v. United States,* 291 F.2d 67, 68 (10th Cir.1961). Consequently, any arguments by plaintiff that resolution of this motion turns on a genuine issue of material fact are not relevant. The only issue before us at this time is whether this court, rather than the Federal Circuit Court of Appeals, has jurisdiction of plaintiff's action.

The Federal Courts Improvement Act of 1982 provides that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to section 7703(b)(1) ... of Title 5." The Federal Circuit, pursuant to section 7703(b)(1), has jurisdiction over appeals from the MSPB *except* insofar as section 7703(b)(2) provides that:

Cases of discrimination *subject to the provisions of section 7702* of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)).

5 U.S.C. § 7703(b)(2) (emphasis added).

Section 7702 defines the types of "cases of discrimination" which are excluded from the jurisdiction of the Federal Circuit as follows:

(a)(1) ... the case of any employee or applicant for employment who—

(A) has been affected by *an action which the employee or applicant may appeal to the Merit Systems Protection Board,* and

(B) alleges that a basis for the action was discrimination prohibited by—

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph.

5 U.S.C. § 7702 (emphasis added).

Thus, a case under section 7702 must involve an adverse personnel action affecting a federal employee that is appealable to the MSPB and an allegation that a basis for the action was discrimination within one of the categories listed above. *Williams v. Department of Army*, 715 F.2d 1485, 1487 (Fed.Cir.1983). Cases falling within section 7702 have been termed "mixed." *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1245 (Fed.Cir.1984); *Williams*, 715 F.2d at 1487 and n. 3.

Consequently, to decide whether this court has jurisdiction over this action, we must determine whether this is a "mixed" case. If it is a mixed case, this court has jurisdiction; if not, the Federal Circuit has exclusive jurisdiction. It is clear that plaintiff alleges discrimination within one of the categories set forth in section 7702. It is not clear, however, whether the job action of which plaintiff complains is of the type that may be appealed to the MSPB.

Plaintiff appealed to the MSPB the Department's action of "involuntarily retiring" plaintiff from his position as an Intergovernmental and Congressional Affairs Specialist. The MSPB made a factual finding that plaintiff's retirement was voluntary. As a matter of law, a voluntary retirement is not subject to the MSPB's appellate review. *Christie v. United States*, 518 F.2d 584, 589, 207 Ct.Cl. 333 (1975); 5 C.F.R. 752.401(c)(3) (1984). The

MSPB therefore concluded that it was without jurisdiction to hear plaintiff's appeal.

In light of the foregoing, it is clear that plaintiff's case is not a "mixed" case falling within the provisions of section 7702. Consequently, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over plaintiff's case pursuant to section 7703(b)(1). Plaintiff contends, however, that he is entitled to a de novo determination by this court of whether his retirement was in fact voluntary and consequently not appealable before the MSPB. We find plaintiff's argument meritless.

In *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244 (Fed.Cir.1984), the Federal Circuit held that it, rather than the district court, had jurisdiction over a plaintiff's case in an action similar to the one at bar. In *Ballentine* an aggrieved employee appealed his demotion to the MSPB. The MSPB held that it lacked jurisdiction over the case based on statute of limitations issues. The employee appealed the MSPB's decision to the Federal Circuit. The MSPB moved to dismiss on the ground that the district court rather than the Federal Circuit had jurisdiction over the action. The Federal Circuit noted that "threshold issues such as the MSPB's own jurisdiction arise continually on appeal to this court, and we have taken jurisdiction over these cases...." *Id.* at 1246–47.

The court went on to state that an appellant is entitled to a trial de novo in the district court *only after* the MSPB has decided on the merits both the discrimination issue and the appealable action issue. The court stated:

[I]t is clear that the judicially reviewable action by the MSPB which makes an appeal a "case of discrimination" under § 7703(b)(2) that can be filed in district court is that the MSPB has decided "both the issue of discrimination and the appealable action...." § 7702(a)(1). When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is

granted no rights to a trial de novo in a civil action under § 7702 or § 7703.

*Id.* at 1246.

To allow an aggrieved employee to take his claim to the district court before the Federal Circuit had the opportunity to determine whether the MSPB had jurisdiction would result:

> not only in a waste of time and resources, but also in lack of uniformity as each of some 94 different federal district courts (with appeals to their respective circuits) proceeds to define the metes and bounds of MSPB jurisdiction. Congress sought to avoid such consequences by consolidating appellate jurisdiction over MSPB cases in a single court—the Federal Circuit.

*Id.* at 1247 (quoting *Granado v. Department of Justice,* 721 F.2d 804, 810 (Fed.Cir. 1983)).

The Federal Circuit in *Synan v. Merit Systems Protection Board,* 765 F.2d 1099 (Fed.Cir.1985), reiterated its holding in *Ballentine.* The court held that it had jurisdiction to review the threshold issue of the MSPB's jurisdiction in a discrimination case. Consequently, the court refused to transfer the action to the district court. *Id.* at 1101–02.

▮ In plaintiff's case, as in *Ballentine* and *Synan,* the only issue addressed by the MSPB was whether it had jurisdiction to hear the employee's appeal. The MSPB found that it had no jurisdiction because plaintiff's separation was the result of his voluntary retirement and not a coerced involuntary retirement or removal. Similarly in this case, as in *Ballentine* and *Synan,* the MSPB did not address the merits of plaintiff's claims of discrimination against the agency. In sum, the applicable statutes and case law clearly require that in a case such as the present one, when an employee has appealed to the MSPB and the MSPB's decision involves only a threshold issue, such as its jurisdiction, judicial review is available only in the Federal Circuit Court of Appeals and not the federal district court.

Plaintiff argues in his supplemental memorandum that 5 U.S.C. § 7702(e)(3) mandates that he be given a trial de novo and, consequently, that this court has jurisdiction. Section 7702(e)(3) provides:

> Nothing in this section shall be construed to affect the right to trial de novo under any provision of law described in subsection (a)(1) of this section *after a judicially reviewable action....*

5 U.S.C. § 7702(e)(3) (emphasis added).

Plaintiff overlooks the fact that this subsection provides for a trial de novo only of a "judicially reviewable action." The Federal Circuit in *Ballentine* stated that in order to be "judicially reviewable" the MSPB must decide both the issue of discrimination and the appealable action. 738 F.2d at 1246 (quoting 5 U.S.C. § 7702(a)(1)). Consequently, when the aggrieved employee appeals the personnel action to the MSPB, the employee has no rights to a trial de novo until the MSPB decides on the merits the discrimination issue *and* the appealable action. *Id.* at 1246. As discussed above, the MSPB never addressed the merits of plaintiff's discrimination claims. We therefore conclude that subsection 7702(e)(3) is inapplicable in this case.

In conclusion, we hold that this court lacks subject matter jurisdiction to hear plaintiff's case at this time. We note, however, that our holding does not permanently deprive plaintiff of the right to further pursue his discrimination claims. Plaintiff currently has an appeal of the MSPB's order pending before the Federal Circuit. If the Federal Circuit reverses the MSPB's decision and determines that plaintiff's retirement was in fact involuntary, plaintiff's case would be remanded to the MSPB. The MSPB would then address the merits of plaintiff's discrimination claims. If the MSPB found that he had not been discriminated against, plaintiff would have the opportunity to seek de novo review in this court.

## II. *Motion to Dismiss by Defendants Merit Systems Protection Board and Herbert Ellingwood.*

Because we have concluded that we lack subject matter jurisdiction to hear this ac-

tion, defendants' motion need not be addressed.

IT IS THEREFORE ORDERED that the motion to dismiss by defendants Merit Systems Protection Board and Herbert Ellingwood is denied as moot.

IT IS FURTHER ORDERED that the motion to dismiss this action for lack of subject matter jurisdiction by defendants Department of Health and Human Services and Otis Bowen is granted.