**Richard J. WALL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Department of Health and Human Services, Otis Bowen; Merit Systems Protection Board; and Herbert Ellingwood, Defendants–Appellees.**

No. 86–2004.

United States Court of Appeals, Tenth Circuit.

March 31, 1989.

Rehearing Denied May 24, 1989.

---

J. Larry Louk (Michael L. Snider and Timothy J. Arehart of Thomas, McDonald, Maier, Dykes & Johnston, Chartered, with him on the brief), Overland Park, Kan., for plaintiff-appellant.

E. Yvonne M. Ernzen (Benjamin L. Burgess, Jr., U.S. Atty., D. Kan., Julie Robinson Trice, Asst. U.S. Atty., Kansas City, Kan., Paul P. Cacioppo, Chief Counsel, Region VII, Dept. of Health and Human Services, and Frances Reddis, Asst. Regional Counsel, of counsel), Kansas City, Mo., for defendants-appellees.

Before SEYMOUR and McWILLIAMS, Circuit Judges, and BOHANON, Senior District Judge.[*]

McWILLIAMS, Circuit Judge.

Richard J. Wall, a resident of Kansas, was employed by the Department of Health and Human Services (Department) from October, 1973, to September 28, 1984, when his employment was terminated. Shortly prior to September 28, 1984, Wall executed an application for retirement with an effective date of September 28, 1984.

Notwithstanding his application to retire, Wall thereafter filed a timely appeal to the Merit Systems Protection Board (Board) protesting his termination. Wall's position was that on September 18, 1984, the Department informed him that he would be "removed" from his civil service position on September 28, 1984, because a physical disability prevented him from performing his employment duties and, further, that there was no existing possibility of lateral transfer. According to Wall, at the suggestion of the Department, he then sought advice concerning his retirement rights and that he was misinformed and misled by employees of the Department concerning those rights, all of which led to his application for retirement. Wall claimed that his employment was terminated by the Department because of his age, 65 years of age, and his physical handicap, his left leg having been amputated below the knee in 1981, apparently the result of a diabetic condition.

A hearing was held before a Presiding Official of the Board, which hearing was limited, in the first instance, to the single issue of whether Wall "voluntarily" retired on September 28, 1984. Evidence was taken by the Presiding Official on the issue of the voluntariness of Wall's application for retirement, and the Presiding Official held that Wall's retirement was voluntary. Because a voluntary retirement is not an ad-

---

[*] Honorable Luther L. Bohanon of the United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

verse action which is appealable,[1] the Presiding Officer dismissed Wall's appeal on the ground that the Board had no jurisdiction to hear Wall's claim of wrongful employment termination because of his age or physical handicap.[2] Wall filed a timely petition for review by the Board of the Presiding Official's ruling. On May 2, 1985, the Board denied Wall's petition for review.

On May 29, 1985, Wall filed an action in the United States District Court for the District of Kansas, naming as defendants the United States of America; the Department and Margaret Heckler, then Secretary of the Department; and the Board and its head, Herbert Ellingwood. In his complaint, Wall stated that, after being advised that the Department was going to remove him from his civil service position, he sought advice from the Department concerning possible retirement; in the course of that inquiry he was misled and misinformed by the Department; and as a result he applied for retirement. Wall then set forth two claims for relief, the first based on age discrimination, 29 U.S.C. § 621, *et seq.*, and a second based on handicap discrimination, 29 U.S.C. § 701, *et seq.*

On May 30, 1985, Wall filed a parallel petition for review of the May 2 decision of the Board with the United States Court of Appeals for the Federal Circuit. By agreement of the parties, Wall's proceeding in the Federal Circuit has been stayed pending final resolution of the action filed by Wall in the United States District Court for the District of Kansas.

In the Kansas proceeding the defendants filed a motion to dismiss on the ground that the district court in Kansas lacked subject matter jurisdiction and that because of Wall's voluntary retirement, the Federal Circuit had exclusive jurisdiction to review the ruling of the Board. The district court granted the defendants' motion to dismiss and dismissed Wall's action for lack of subject matter jurisdiction. Wall appeals the district court's order of dismissal. We affirm.

The Memorandum and Order of the district court was published and appears as *Wall v. United States, Dep't of Health and Human Services*, 637 F.Supp. 90 (D.Kan.1986). Although the matter is not necessarily free of all doubt, we believe the district court properly construed the statutes in question, and we are in accord with the result reached by the district court and the supporting rationale. We could well let the entire matter rest here, but brief additional comment is in order.

■ The statutory provisions with which we are primarily concerned are 5 U.S.C. §§ 7703(b)(1), 7703(b)(2), and 7702. Under § 7703(b)(1), "[e]xcept as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." The exception in § 7703(b)(2) provides, in effect, that cases of alleged discrimination "subject to the provisions of section 7702" shall be filed under the applicable statute in a United States District Court. Discrimination cases "subject to the provisions of section 7702" include cases where an employee or an applicant for employment (1) has been affected by an action of an agency which may be appealed to the Board and (2) alleges that the basis for the agency's action was discrimination prohibited by, *inter alia*, the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act of 1967. *See* 5 U.S.C. § 7702.

■ The district court in the instant case construed those statutory provisions to mean that where, in a given case, the Board determines that the agency action complained of may be appealed to the Board and where the Board further finds that there was no discrimination, the case falls within the exception mentioned in § 7703(b)(1), and detailed in §§ 7703(b)(2)

---

**1.** *Christie v. United States*, 518 F.2d 584, 207 Ct.Cl. 333 (1975); *Schultz v. United States Navy*, 810 F.2d 1133 (Fed.Cir.1987); 5 C.F.R. § 752.401(c)(3) (1984).

**2.** Presumably, if the Presiding Officer had ruled that Wall's application for termination was involuntary, he would have then proceeded to hear and rule on the merits of Wall's claim that he was terminated because of his age and physical handicap.

and 7702. Coming within the exception, the employee, in such circumstance, may then file a discrimination action in a United States District Court, and the Federal Circuit would have no jurisdiction to review such an order of the Board. However, the district court also construed those statutory provisions to mean that where the Board determines, as it did in the instant case, that an employee's appeal to the Board is "not appealable" under the statute, and the Board does not consider the employee's claim of discrimination on its merits, review of the Board's determination that it lacks jurisdiction to hear the employee's claim lies exclusively in the Federal Circuit. As the district court noted, if, in the instant case, the Federal Circuit reverses the Board's determination that Wall's retirement was voluntary, the matter will then be remanded to the Board to hear Wall's discrimination claim on its merits. Should Wall then suffer an adverse ruling on the discrimination issue, he could then file an action in the district court. It would seem to follow that should the Federal Circuit on appeal uphold the Board's finding that Wall voluntarily retired, such would rule out any claim of discrimination. If Wall, in fact and in law, voluntarily retired, he cannot argue that his termination was the result of agency discrimination.

In support of the district court's construction of these statutory provisions, *see Synan v. Merit Systems Protection Bd.,* 765 F.2d 1099 (Fed.Cir.1985); *Ballentine v. Merit Systems Protection Bd.,* 738 F.2d 1244 (Fed.Cir.1984); and *Williams v. Dep't of Army,* 715 F.2d 1485 (Fed.Cir.1983).

In *Synan* a postal employee appealed a seven-day suspension order to the Board contending that his suspension was the result of agency discrimination because of physical handicap. The Board dismissed the appeal for lack of subject matter jurisdiction and did not reach the discrimination issue. On review, the Federal Circuit affirmed the Board, holding that the jurisdiction of the Board is not plenary, but is limited to those actions which are made appealable to it by law, rule or regulation, and that the applicable statute provides

only for review of a suspension order of more than 14 days. *Synan,* 765 F.2d at 1100. The Federal Circuit rejected the employee's alternative argument that the appeal should be transferred to a United States District Court because of lack of jurisdiction by the Federal Circuit, since an appellant is granted no rights to a trial *de novo* in a civil action under § 7702 or § 7703 until the discrimination issue and the appealable action have been decided on the merits by the Board. *Id.* at 1101.

*Ballentine* was the basis for *Synan,* and neither, in our view, is at odds with *Williams.*

Such cases as *Covington v. Dep't of Health and Human Services,* 750 F.2d 937 (Fed.Cir.1984) and *Christo v. Merit Systems Protection Bd.,* 667 F.2d 882 (10th Cir.1981), relied on by Wall, are inapposite. In *Covington,* which does not involve alleged discrimination, the Board found "voluntary retirement," and, on appeal, the Federal Circuit held that because of misinformation the retirement was involuntary as a matter of law, and remanded the case to the Board for further proceedings. *Covington,* 750 F.2d at 944. As indicated, should the Federal Circuit reverse the Board's findings that Wall voluntarily retired, the matter presumably will be remanded to the Board with directions to hear the discrimination charge.

In *Christo,* the Board rejected a terminated employee's claim of discriminatory discharge, and the employee filed a civil rights case in the United States District Court for the District of Colorado and a petition for review of the Board's decision in this court (the statute at that time provided for review of the Board's action by a United States Court of Appeals or the Court of Claims). On a motion to dismiss, this court transferred the petition to the district court. In *Christo,* unlike the instant case, the Board admittedly had jurisdiction of the appeal and accordingly ruled on the discrimination claim on its merits.

We therefore hold that the Federal Circuit has exclusive jurisdiction to hear Wall's appeal from the Board's May 2 or-

der that he voluntarily retired from the Department, and that his *de novo* action in the United States District Court for the District of Kansas was properly dismissed.

Judgment affirmed.

SEYMOUR, Circuit Judge, dissenting.

I agree with the majority's conclusion that, under section 205 of the Civil Service Reform Act of 1978, 5 U.S.C. § 7703(b)(1) (1982), the Federal Circuit has exclusive jurisdiction to review the Board's ruling that it did not have an appealable order before it. The Board's decision that Wall's termination was "voluntary," and his action therefore not appealable, precluded the district court from exercising jurisdiction over Wall's discrimination claim pursuant to section 7703(b)(2) of that statute. However, I do not agree with the majority's conclusion that the district court had *no* jurisdiction over Wall's discrimination claims. Federal employees with discrimination claims are entitled to bring de novo actions in federal district court under the relevant civil rights statutes. Wall filed this action directly under the Age Discrimination in Employment Act, 29 U.S.C. § 633a(c) (1982), and the Rehabilitation Act of 1973, 29 U.S.C. § 794a (1982). For the reasons set out below, I am convinced that the district court had jurisdiction over Wall's action under those statutes. Because I conclude that the result reached by the majority is contrary to both the spirit and the language of the statutes at issue, I must respectfully dissent.

On August 17, 1984, the director of Wall's division of the Department of Health and Human Services gave him a notice of proposed termination. Wall protested the decision to his regional director, Al Kemp, but on September 18, 1984, Kemp informed Wall in a written memorandum that the termination decision would become effective on September 28. This memorandum advised Wall that he could appeal the decision to the Board, and further stated:

"*An appeal to the MSPB containing an allegation of discrimination (as defined in MSPB Regulations 1201.-151(a)(2)) will not be processed concur-rently with a discrimination complaint filed within the Department. Accordingly, if you believe that this action is based on such discrimination, you may:*

1. *Either* appeal to the MSPB within 20 calendar days after the effective date of the action taken against you, raising the matter of discrimination in your appeal to the MSPB (and otherwise complying with MSPB Regulation 1201.153), *or*

2. File a discrimination complaint within the Department ...; but you must, if you wish to file a discrimination complaint, first consult an Equal Employment Opportunity (EEO) Counselor within 30 calendar days after you receive the decision.

Rec., vol. I, doc. 6, ex. B (emphasis added). Wall chose the first option and appealed the allegedly discriminatory decision to the Board.

I.

As set out below, the statutes governing appeals to the Board make clear that appeals decided by the Board involving discrimination are entitled to de novo judicial review. Cases in which an employee both challenges an action that is appealable to the Board and alleges discrimination are termed mixed cases. *See Christo v. Merit Systems Protection Board,* 667 F.2d 882, 883–84 (10th Cir.1981). Such cases are appealed to the Board under 5 U.S.C. § 7702(a)(1) (1982), which states:

"(a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who—

(A) *has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board,* and

(B) alleges that a basis for the action was discrimination prohibited by—

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,

the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section."

Adverse actions that may be appealed to the Board under the above-italicized language are narrowly defined, and include only removal, suspension for more than fourteen days, reduction in grade or pay, and furlough of thirty days or less. *See Williams v. Dept. of the Army*, 651 F.2d 243, 244 (4th Cir.1981) (per curiam). As the majority notes, they do not cover a "voluntary" retirement, even when made under threat of removal.[1] *See Christie v. United States*, 518 F.2d 584, 588, 207 Ct.Cl. 333 (1975).

Judicial review of Board decisions involving discrimination claims is governed by the following provisions. Section 7702(a)(3)(A) states that "[a]ny decision of the Board under paragraph (1) of this subsection shall be a judicially reviewable action as of ... the date of issuance of the decision...." Section 7703(b)(2) provides:

"Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(c), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), as applicable. Notwithstanding any other provi-

sion of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702."

5 U.S.C. § 7703(b)(2). Under these provisions, mixed cases in which discrimination is an issue, are reviewed de novo in federal district court. *See Christo v. Merit Systems Protection Bd.*, 667 F.2d 882, 885 (10th Cir.1981). Judicial review of Board decisions in which discrimination is *not* an issue is obtained in the Federal Circuit.

"Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."

5 U.S.C. § 7703(b)(1).

### II.

If Wall had chosen the second option set out in the Kemp memorandum and filed a discrimination claim with his department, he would have followed the procedures for filing age and handicap discrimination claims. *See generally*, 29 C.F.R. §§ 1613.-211–.283; 1613.501–.514; 1613.701–.709 (1987). An examination of the relevant civil rights statutes and associated regulations reveals that if Wall had pursued this option, he would have been entitled to de novo judicial review.

It is apparent that Congress intended the Civil Service Reform Act provisions and the civil rights statutes to be read together to provide "a unified, coherent Federal structure to combat job discrimination in all its forms." Message of the President accompanying Reorg. Plan No. 1 of 1978, 3 C.F.R. 32, (1978), *reprinted in* 5 U.S.C.App. at 1155 (1982), *and in* 92 Stat. 3781 (1978). Confusing overlap and duplication were meant to be eliminated. The thrust behind

---

1. Wall, of course, did not know his action was not appealable and thus not covered by section 7702(a)(1) until after he had chosen to appeal via that section and the Board found his termination voluntary.

these statutes and associated administrative enforcement procedures is

> "to ensure that: (1) Federal employees have the same rights and remedies as those in the private sector and in State and local government; (2) Federal agencies meet the same standards as are required of other employers; and (3) potential conflicts between an agency's equal employment opportunity and personnel management functions are minimized. The Federal government must not fall below the standard of performance it expects of private employers."

*Id.*

In this case, Wall asserted that his resignation was involuntary due to discrimination both on the basis of physical handicap and on the basis of age. Under the Rehabilitation Act of 1973, which governs claims of handicap discrimination against the Federal government, a federal employee asserting such a claim may file a civil action as provided by Title VII within thirty days of final agency action on his claim.[2] *See* 29 U.S.C. § 794a(a)(1) (1982); 42 U.S.C. § 2000e–16(c) (1982). The claimant is entitled to de novo judicial consideration in such an action. *See Prewitt v. United States Postal Service,* 662 F.2d 292, 303 (5th Cir.1981). A federal worker alleging age discrimination has two options. He may either forego agency action and file a civil suit after giving the EEOC thirty days notice of his intent to file, or he may seek administrative relief. *See* 29 U.S.C. § 633a(c), (d) (1982); *see also Langford v. United States Army Corps of Engineers,* 839 F.2d 1192, 1193–94 (6th Cir.1988); *Pur-*

*till v. Harris,* 658 F.2d 134, 138 (3d Cir. 1981), *cert. denied sub nom. Purtill v. Heckler,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983).[3] If an employee chooses to first seek administrative relief, the subsequent judicial proceeding is an action de novo. *See Rosenfeld v. Dep't of the Army,* 769 F.2d 237 (4th Cir.1985); *Nabors v. United States,* 568 F.2d 657, 658 (9th Cir.1978); *see also Duggan v. Bd. of Educ.,* 818 F.2d 1291, 1297 (7th Cir.1987) (unreviewed state or local agency fact findings not given preclusive effect); *but see Stillians v. State of Iowa,* 843 F.2d 276, 282 (8th Cir.1988) (2–1 decision) (unreviewed state agency findings entitled to preclusive effect).

These civil rights statutes, when read together with the provisions of the Civil Service Reform Act set forth above, manifest a clear Congressional directive that a federal employee seeking administrative relief on a discrimination claim be provided de novo judicial review. An employee may obtain such review by filing suit in federal district court within thirty days of final agency action on the claim, whether the final agency action consists of resolution of a mixed case by the Board, or rejection of the claim by the claimant's agency. *See* S.Rep. No. 969, 95th Cong., 2d Sess. 63, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2785.

### III.

The Board found that Wall's termination was voluntary.[4] It then ruled that because a voluntary termination is not an action which may be appealed to the Board, it had

---

**2.** Wall filed his claim in the district court within thirty days of the Board's decision dismissing his case.

**3.** There is a split of authority on whether a plaintiff who chooses to first seek an administrative remedy must obtain final agency action in his claim before filing suit. *Compare Langford,* 839 F.2d at 1193–94 *with Purtill,* 658 F.2d at 138.

**4.** The Board here set out its standard for voluntariness as follows:

> "Although employee-requested actions are presumed to be voluntary, *Christie v. United States,* 518 F.2d 584 (Ct.Cl.1975), this presumption will not prevail if the employee

comes forward with sufficient evidence to show that the disputed action was involuntarily extracted or coerced. The standards for determining duress are set forth in *Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. 945, 951[, 126 Ct.Cl. 51] (1953), as follows:
>
> (1) that one side involuntarily accepted the terms of another;
>
> (2) that circumstances presented no other alternative; and
>
> (3) that said circumstances were the result of coercive acts of the opposite party."

Rec., vol. I, doc. 6, ex. H, at 2.

no jurisdiction under section 7702(a)(1) to decide the discrimination claim. The majority concludes that Wall may only appeal the finding of lack of jurisdiction, and that this appeal must be taken in the Federal Circuit. In so concluding, however, the majority appears to equate the issue of voluntariness, which underlies the jurisdictional question, with the claim of discrimination. *See* slip op. at 1546. If the two issues are in fact one and the same, that issue is whether the alleged discrimination resulted in a constructive discharge, i.e., an involuntary termination. Requiring Wall to appeal the Board's resolution of this issue in the Federal Circuit deprives him of de novo review of his discrimination claim in district court, a result contrary to the statutes and our holding in *Christo*.

The Government, on the other hand, appears to argue that the issue of jurisdiction is a "threshold" issue unrelated to the discrimination claim. Accordingly, the Government asserts that Wall is only entitled to judicial review of this decision, and that review is therefore exclusively in the Federal Circuit. Apart from the conceptual difficulty of separating the issues of voluntariness and discriminatory construc-

tive discharge,[5] under the Government's analysis, as it candidly admits, a person in Wall's position may be unable to raise his discrimination claim in any judicial forum. I cannot accept the Government's conclusion that Congress intended federal employees to be without a remedy in this situation. The Government has presented no compelling statutory construction or policy argument to support such a result, and it is clearly contrary to the Congress' express intent that federal workers' rights and remedies under the civil rights statutes are to be fully protected. *See* H.R.Conf. Rep. No. 1717, 95th Cong., 2d Sess. 141, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2874–75.

## IV.

The Government argues that Wall has failed to exhaust administrative remedies with respect to the discrimination claims because the agency has not had an opportunity to address them. An argument can be made, however, that these claims have in fact received administrative consideration. See note 5 supra. Moreover, as set out

---

**5.** It is unclear what relationship, if any, exists between the Board's finding of voluntary retirement and Wall's discrimination claims. Board "voluntariness" is arguably relevant to either a claim of constructive discharge, a defense of waiver, or both. Although their standards vary, the circuits are in general agreement that the doctrine of constructive discharge is available to a civil rights plaintiff. *See Derr v. Gulf Oil Co.*, 796 F.2d 340, 343 (10th Cir.1986). In the Tenth Circuit, "the question on which constructive discharge cases turn is simply whether the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *Id.* at 344. If, as the majority seems to suggest, the Board's finding of voluntariness is a determination of whether the agency here created an intolerable work environment by telling Wall he was to be terminated, the Board has without question resolved the merits of the alleged constructive discharge.

The courts also recognize that a victim of discrimination may waive his right to seek relief under the civil rights acts by entering into a settlement with his employer. *See, e.g., Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 & n. 15, 94 S.Ct. 1011, 1021 & n. 15, 39 L.Ed.2d 147 (1974); *Cox v. Allied Chemical Corp.*, 538 F.2d 1094, 1097–98 (5th Cir.1976), *cert. denied sub nom. Allied Chemical v. White*, 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978); *Bernstein v. Consolidated Foods Corp.*, 622 F.Supp. 1096, 1105–06 (N.D.Ill.1984). However, [i]n determining the effectiveness of any such waiver, a court would have to determine that the employee's consent to the settlement was voluntary *and knowing." Alexander*, 415 U.S. at 52 n. 15, 94 S.Ct. at 1021 n. 15 (emphasis added).

The Board decision in this case found that "the agency's personnel specialists clearly did not inform appellant that he would be precluded from exercising his appeal rights to the adverse action if he selected a retirement date effective the same date as that action." Rec., vol. I, doc. 6, ex. H, at 5. In ruling that Wall's decision was voluntary despite his lack of knowledge of the rights he was giving up, the Board clearly employed a standard inconsistent with that required to ascertain whether he waived a cause of action for discrimination. Moreover, an employer who alleges that a civil rights plaintiff has waived his right to proceed with his discrimination claim is asserting an affirmative defense to that claim. To the extent that the Board's decision was a ruling on this issue, the decision is, contrary to the Government's argument, a disposition of the merits of Wall's claim on an issue Wall is entitled to have reviewed de novo in district court.

above, Wall was told by his agency that he could either raise his discrimination claims in his appeal to the Board, or file a complaint with the agency, but not both. These instructions mirror the regulations issued by the EEOC controlling the administrative processing of mixed cases. *See* 29 C.F.R. 1613.403. The regulations thus provide *alternative means* by which an employee such as Wall, who contends that his resignation was the involuntary result of illegal discrimination, can exhaust his administrative remedies. Wall pursued his claims with the Board, and its decision that it had no jurisdiction to consider those claims became final on May 7, 1985, long after the thirty-day period had expired within which Wall was required to initiate a discrimination complaint with the agency. *See* 29 C.F.R. § 1613.214(a). Even assuming that the agency would have extended the filing time, *see id.* at § 1613.214(a)(4), by establishing alternative procedures for pursuing administrative relief, the regulations make clear that pursuing either alternative is sufficient to exhaust administrative remedies. *See id.* at § 1613.421.

Under the Government's argument, an employee such as Wall would have to undertake administrative relief twice, inevitably beginning his second attempt after the time to do so had run, a result that defies logic and congressional intent to eliminate confusing overlap and duplication. Because Wall was clearly entitled to present his claims to the Board instead of filing a discrimination complaint with his agency, the Board's ruling that Wall's resignation was voluntary is final agency action on those claims for purposes of triggering Wall's right to de novo judicial review under the applicable civil rights statutes.

## V.

Accordingly, I would hold that Wall is entitled to judicial review of his discrimination claims in district court. In so doing, I recognize that Wall would then have two parallel judicial actions arising from one administrative proceeding, a result we disapproved in *Christo*, 667 F.2d at 885. However, given the instant circumstances, such a consequence is the unavoidable outcome of insuring Wall's statutory right to de novo review of his discrimination claims. The Federal Circuit has taken steps to ameliorate the duplication by holding Wall's appeal in that court in abeyance pending our resolution here. The Federal Circuit could choose to continue this course of action until Wall's discrimination claims have been disposed of, and then take whatever action it deems proper in light of their disposition.

For these reasons, I dissent.