Louis H. CANADA, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.

Civ. A. No. 94–Z–65.

United States District Court, D. Colorado.

Aug. 22, 1995.

John Mosby, Elisa J. Moran, Denver, CO, for plaintiff.

William G. Pharo, Ass't. U.S. Attorney, Denver, CO, for defendant.

## ORDER OF DISMISSAL

WEINSHIENK, District Judge.

This matter comes before the Court on Defendant's Motion To Dismiss, Or, Alternatively, Motion For Summary Judgment. Pursuant to D.C.COLO.LR 72.1, this matter was referred to United States Magistrate Judge Donald E. Abram. After reviewing the pleadings and the relevant case law, Magistrate Judge Abram issued a Recommendation Of United States Magistrate Judge recommending that the Motion To Dismiss be granted on jurisdictional grounds.

Immediately after the Recommendation was issued, the Court held a status conference on this case. At that conference, plaintiff's counsel orally advised the Court that plaintiff objected to the recommendation of the Magistrate Judge. Because plaintiff did not specify which parts of the recommendation he was objecting to, the Court will treat the oral objection as a general objection to the entire Recommendation. As required by 28 U.S.C. § 636(b), the Court has reviewed de novo all portions of the Magistrate Judge's Recommendation and the applicable law. The Court finds that Magistrate Judge Abram's findings and conclusions are correct and should be adopted.

Specifically, the Court agrees that because plaintiff's appeal to the Merit System Protection Board (MSPB) was denied as untimely, the MSPB never made a determination as to the merits of plaintiff's discrimination claims. "When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 and § 7703." *Ballentine v. Merit Sys. Protection Bd.,* 738 F.2d 1244, 1246 (Fed.Cir.1984). Plaintiff has no right to appeal the MSPB decision to the District Court, because this Court does not have jurisdiction to hear

plaintiff's claims. Instead, plaintiff should have appealed the decision to the Federal Circuit, as directed by the notice provided to him by the MSPB. *See Wall v. U.S.*, 871 F.2d 1540, 1543 (10th Cir.1989), *cert. denied,* 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990).

The Court also agrees that the January 20, 1993, decision of the Postal Service was a final agency decision and that plaintiff was adequately informed of his appeal rights. Accordingly, he does not have an "unqualified right" to file a civil action in this Court, and must instead exhaust his administrative remedies. Accordingly, it is

ORDERED that the Magistrate Judge's Recommendation is hereby accepted and adopted. It is

FURTHER ORDERED that Defendant's Motion To Dismiss Or, Alternatively, Motion For Summary Judgment is granted. It is

FURTHER ORDERED that plaintiff's Complaint and cause of action are dismissed without prejudice, and with leave to refile in the proper court.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, United States Magistrate Judge.

This matter comes before the Court upon the Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, filed December 23, 1994. Magistrate Judge D.E. Abram has reviewed the pleadings in this matter, together with the relevant case law, and hereby makes the following recommendation.

#### I. FACTS

Plaintiff in this case was employed as a Tractor Trailer Operator for the United States Postal Service. Two days after his request for annual leave was denied, plaintiff allegedly suffered an on-the-job back injury which rendered him unable to work. Plaintiff was granted leave, which was restricted to bed rest. On December 1, 1990, after Postal Inspectors observed him working on his new residence in violation of his leave restriction, Plaintiff was removed from his position for misrepresentation of material facts regarding availability for service.

Plaintiff timely filed an equal employment opportunity ("EEO") complaint of discrimination with the Postal Service alleging that he was removed on the basis of age, race, color, and reprisal. Finding no discrimination, the Postal Service issued a final agency decision ("FAD") on January 20, 1993. The decision advised Plaintiff of his right to appeal the decision to the Merit Systems Protection Board ("MSPB" or "the Board") within twenty days of receipt. See Attachment M to Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment. The decision also advised that, in lieu of an appeal to the MSPB, Plaintiff could file a civil action in the appropriate United States District Court within thirty days of his receipt of the FAD. *Id.* Counsel for Plaintiff acknowledged receipt of the decision on January 26, 1993. Thirty-two days later, on March 1, 1993, Plaintiff elected to appeal to the MSPB.

On May 24, 1993, the MSPB issued an Initial Decision dismissing Plaintiff's appeal as untimely and advising him of his right to petition the Board to review the Initial Decision. See Attachment P to Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment. That decision further advised Plaintiff that if he was dissatisfied with the Board's final decision, he could appeal to the United States Court of Appeals for the Federal Circuit. *Id.*

On September 17, 1993, the Board denied Plaintiff's petition for review of the Initial Decision and once again advised Plaintiff of his right of appeal to the Federal Circuit. See Attachment Q to Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgement. Rather than bringing his appeal in the Federal Circuit, however, Plaintiff petitioned the Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC") to review the Board's decision dismissing his appeal as untimely. The EEOC rejected Plaintiff's petition on the grounds that it lacked jurisdiction to review the Board's decisions on procedural matters such as timeliness. See Attachment R to

Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgement. Plaintiff thereupon filed the present action on January 6, 1994.

## II. JUDICIAL REVIEW OF MSPB DECISIONS

■ Title 5, § 7703 provides for judicial review of MSPB decisions. 5 U.S.C. § 7703 (1987). Section 7703(b)(1) states:

Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.

The exception in § 7703(b)(2) is limited to mixed cases of discrimination subject to the provisions of § 7702. A "mixed" case is one where the employee: (1) has been affected by an agency's action *which may be appealed to the Board,* and (2) alleges that the basis for the agency's action was discrimination. 5 U.S.C. § 7702(a)(1) (1987). Under the exception of § 7703(b)(2), such cases shall be filed under the applicable statute in a United States District Court.

Together, these provisions have been construed "to mean that where, in a given case the Board determines that the agency action complained of *may be appealed* to the Board and where the Board further finds that there was no discrimination, the case falls within the exception mentioned in § 7703(b)(1), and detailed in §§ 7703(b)(2) and 7702." *Wall v. United States,* 871 F.2d 1540, 1542–43 (10th Cir.1989) (emphasis added), *cert. denied,* 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990). The Federal Circuit does not have jurisdiction over such a case, and the employee may file a discrimination action in a United States District Court. *Id.* at 1543.

■ On the other hand, where the Board concludes "that an employee's appeal to the Board *is 'not appealable'* under the statute, and the Board does not consider the employee's claim of discrimination on its merits, review of the Board's determination that it lacks jurisdiction to hear the employee's claim lies exclusively in the Federal Circuit." *Id.* (emphasis added); *see also Ballentine v. Merit Sys. Protection Bd.,* 738 F.2d 1244,

1247 (Fed.Cir.1984) ("When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703."). *See generally* Brian H. Redmond, Annotation, *Jurisdiction of the United States Court of Appeals for the Federal Circuit Under 28 USCS §§ 1292 and 1295,* 97 A.L.R.Fed. 694, § 21 (1990). It follows that if the Federal Circuit reverses the Board's threshold determination, the case will be remanded to the Board to decide the discrimination claim on its merits. Then, if the Board rules against the employee on the discrimination issue, the employee may file an action in the district court. *Wall,* 871 F.2d at 1543. Should the Federal Circuit uphold the Board's threshold determination, however, the employee would not be entitled to bring a discrimination action in the district court. *Id.*

■ In short, when the Board's decision involves only a threshold issue, judicial review is available only in the Federal Circuit Court of Appeals and not in the federal district court. A contrary result would produce a lack of uniformity among the federal district courts, which would be charged with defining the scope of MSPB jurisdiction. Congress sought to avoid such consequences by consolidating appellate jurisdiction over MSPB cases in the Federal Circuit. *See Ballentine,* 738 F.2d at 1247.

Here, because Plaintiff alleged that the basis for his removal was discrimination, his case is a "mixed case" within the meaning of § 7702. Judicial review of Plaintiff's complaint is governed by § 7703. Under § 7703, Plaintiff would be entitled to bring a civil action in the district court *only* if the Board had decided the discrimination issue on the merits. Here, however, the Board did not reach the merits of Plaintiff's case. Rather, the Board based its decision on a threshold issue—that Plaintiff's appeal was untimely. Under § 7703, judicial review of such threshold determinations is available only in the Federal Circuit.

■ Rather than appeal to the Federal Circuit, however, plaintiff argues that he has

an "unqualified right" to file a civil action in this court. In support of this right, Plaintiff contends that the January 20, 1993 decision of the Postal Service was not a final agency decision. Plaintiff raised the same argument to the Board, which found it to be without merit:

The agency's notice clearly states that it is a final agency decision on his EEO Complaint and is being issued in accordance with the EEOC administrative judge's remand order. The decision further informed the appellant that he had to file his appeal with the Board within 20 calendar days of the date of receipt of it.

Attachment P to Defendant's Motion for Dismiss or, Alternatively, Motion for Summary Judgment. Moreover, the decision informed Plaintiff that:

In lieu of an appeal to the MSPB, you may file a civil action in an appropriate U.S. District Court within 30 calendar days or your receipt of this final agency decision.

Attachment M to Defendant's Motion for Dismiss or, Alternatively, Motion for Summary Judgment. Clearly, Plaintiff was advised of his rights, including the right to bring a civil action in district court. Plaintiff forewent that right, however, when he chose to file his appeal with the MSPB. Having selected that route, Plaintiff must now exhaust his administrative remedies before bringing a civil action in this court.

IT IS THEREFORE RECOMMENDED, for the above reasons, that the Motion to Dismiss filed by Defendant be hereby granted.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties herein shall have ten (10) days after service hereof to serve and file written, specific objections hereto. If no such objections are timely filed, the Magistrate's proposed findings and recommendations may be accepted by the District Judge and appropriate orders entered without further notice.