**Kathleen Shetler GLOBUS, Plaintiff,**

**v.**

**James H. BURNLEY, Defendant.**

**Civ. A. No. 85–1582.**

United States District Court,
District of Columbia.

Dec. 8, 1988.

Philip R. Kete, Gaffney, Schember & Kete, Washington, D.C., for plaintiff.

Jeffrey Hunter Moon, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

Defendant has moved in limine to exclude from trial in this case under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) factual evidence offered by plaintiff that would in effect contradict the findings of the Merit Systems Protection Board (MSPB) that defendant's actions were lawful under "civil service" law. The Court previously has denied plaintiff's challenge to the MSPB's decision under administrative review. The Court denies defendant's motion.

Plaintiff was separated from her job in 1983 as the result of the abolition of her position with the Maritime Administration, which is within the Department of Transportation. Plaintiff maintains that her separation was an act of "reprisal" for her previous participation in protected equal employment opportunity activities. The MSPB decided that the separation followed applicable civil service laws and regulations.

■ This Court reviewed the decision of the MSPB under the "arbitrary and capricious" standard required under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), and, in an order signed January 14, 1988, denied plaintiff's challenge to this decision. Defendant admits that plaintiff is entitled to a trial *de novo* on the claim of unlawful discrimination under Title VII. *See* 5 U.S.C. § 7702(b); *Belfiore v. MSPB*, 41 Fair Empl.Prac.Cas. 26 (D.D.C. 1986). However, defendant also maintains in his motion that plaintiff is not entitled to challenge what he calls "civil service law" issues determined by the MSPB, such as the *bona fide* nature of the reduction-in-force, that plaintiff's job was abolished for legitimate reasons, and that plaintiff was accorded all reassignment rights due her under law. Defendant appears to contend that while plaintiff may argue her Title VII discrimination claim *de novo*, she must do so without challenging the findings of the MSPB that defendant complied with these "civil service law" requirements.

The Court, however, agrees with plaintiff that there is not a clear-cut distinction between "civil service law" issues and issues relevant to a Title VII claim, and that the two are not mutually exclusive. Fair prosecution of plaintiff's Title VII claim may necessitate challenging the adequacy of defendant's civil service issue arguments, especially if she attempts to prove pretextual discrimination. The Court believes that she is allowed to address these civil service *issues*, even if she no longer has a valid *claim* under nondiscrimination civil service law because of the previous decisions of the MSPB and this Court. In order to give plaintiff her statutory right to trial *de novo* in *full* under 5 U.S.C. § 7703(b), the Court must allow plaintiff to challenge defendant's argument, if it is raised, that the actions with regard to plaintiff were justified under civil service law.

■ Defendant is correct in noting that allowing such evidence may contradict the findings of the MSPB to a large extent, but the Court notes that allowing this sort of contradiction is required by the right to a full trial *de novo* in a Title VII suit. *See, e.g., Belfiore.* Moreover, the decision to allow a Title VII plaintiff a full trial *de novo* does not in all cases render a nullity the decision of the MSPB or the Court's review of MSPB as a matter of law. Issues decided by the MSPB that are not necessary to prosecution of a Title VII discrimination suit retain their legal authority, unless the Court reverses them in its APA review.

■ The Court also disagrees with defendant that allowing plaintiff to challenge again the adequacy of defendant's "civil service law" arguments, once the Court has denied plaintiff's challenge to the MSPB decision, violates the doctrine of the "law of the case." As previously stated, a conflict between refusing to reverse a decision of the MSPB and a Title VII trial often is a necessary part of the right to trial *de novo*. Moreover, the Court notes that its decision not to upset the MSPB's decision was made purely on the basis of the administrative record and under the constraints of the APA's "arbitrary and capricious"

test. A trial *de novo* under Title VII requires the Court to hear factual evidence from live witnesses. As one opinion put it, "Because this Court must consider matters pertaining to the plaintiff's discrimination claim *de novo,* the credibility finding of the MSPB cannot be relied upon." *Tickles v. MSPB,* 38 Fair Empl.Prac.Cas. 272, 275 (BNA) (D.D.C.1985). That a Court may make different factual findings from those found by an administrative agency, even if the Court has denied a challenge to the agency's conclusions under the APA, is consistent with the law of a trial *de novo* and with sound jurisprudence.

It is ORDERED that defendant's motion in limine is DENIED.