39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Edward TAYLOR, Plaintiff-Appellant,
v.
Lamar ALEXANDER, Secretary of the United States Department
of Education, Defendant-Appellee.
 No. 93-1497.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1994.
 
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an adverse judgment entered by the district court in this federal employment discrimination action. Although plaintiff initially pursued several interrelated matters in the district court, including an appeal from a decision of the Merit Systems Protection Board (MSPB) upholding his termination for cause, the scope of this appeal is limited to the court's determination, following a bench trial, of plaintiff's claims for racial discrimination under Title VII.[2] We review the pertinent legal conclusions de novo and factual findings for clear error. EEOC v. Ackerman, Hood & McQueen, Inc., 956 F.2d 944, 946 (10th Cir.), cert. denied, 113 S.Ct. 60 (1992).
 
 
 3
 At the conclusion of the trial, the district court issued thirty-five pages of findings and conclusions from the bench. See R. Supp. Vol. III at 638-73. Having reviewed this extensive determination in light of the appellate record and the arguments advanced by the parties, we affirm the district court's judgment for substantially the reasons stated by the court, though with the following brief additional comments.
 
 
 4
 At two points in its analysis, the district court indicated some doubt that a choice made between members of two different protected groups, such as between an African-American and an American of Hispanic origin or a Native American, could provide a basis for a prima facie case of discrimination. See id. at 642, 651. The courts do appear divided as to whether differential treatment of members of the same protected class may give rise to any plausible inference of discrimination (since one member's negative outcome is necessarily counterbalanced by another's positive one). Compare Mann v. Frank, 7 F.3d 1365, 1370 (8th Cir.1993)(no inference) and Jefferies v. Harris County Community Action Ass'n, 615 F.2d 1025, 1030 (5th Cir.1980)(same) with Jackson v. Richards Medical Co., 961 F.2d 575, 587 n. 12 (6th Cir.1992)(inference not precluded) and Diaz v. American Tel. & Tel., 752 F.2d 1356, 1359-61 (9th Cir.1985)(same). However, neither the district court nor defendant--who, in fact, concedes the issue and argues harmless error--cites any authority suggesting that a plausible inference of discrimination with respect to one protected group is negated by favorable treatment directed at a different, albeit also protected, group. We do not reach the matter, however, as the district court's alternative factual holding, that plaintiff in any case failed to meet his ultimate burden of demonstrating discrimination, see R. Supp. Vol. III at 641-45, 651-52, 670-71, is not clearly erroneous.
 
 
 5
 Plaintiff's motion for appointment of counsel is DENIED and the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In such a "mixed case," involving both an administrative issue and a claim of discrimination, the district court reviews the MSPB decision on the former under deferential Administrative Procedures Act (APA) standards while conducting a de novo trial of Title VII claims. See Williams v. Rice, 983 F.2d 177, 179-80 (10th Cir.1993). In this regard, we note the district court believed that its APA affirmance of plaintiff's termination foreclosed relitigation of matters found by the MSPB--such as plaintiff's commission of the acts cited for his removal--when the court later tried the Title VII claims. See R. Supp. Vol. I at 204-05. Actually, the preclusive effect of such findings in this context is an unsettled point. Compare Wall v. United States, 871 F.2d 1540, 1543 (10th Cir.1989)(suggesting in dictum that Federal Circuit affirmance of MSPB finding regarding plaintiff's voluntary retirement would preclude related age discrimination claim), cert. denied, 493 U.S. 1019 (1990) with Globus v. Burnley, 704 F.Supp. 267, 268-69 (D.D.C.1988)(refusing to accord previously affirmed MSPB findings regarding plaintiff's removal any preclusive effect in Title VII trial, "[i]n order to give plaintiff her statutory right to trial de novo in full "). See generally Rosenfeld v. Department of Army, 769 F.2d 237, 241 & n. 3 (4th Cir.1985)(recognizing that while precedent bars administrative issue preclusion in employment discrimination suits, "[h]ad ... the [administrative] decision ... been affirmed on the merits by a federal court, a different question would be presented"). We need not resolve the issue, however, as neither party challenged the district court's approach below (plaintiff, in fact, relied on it in asserting trial objections, see, e.g., R. Supp. Vol. II at 286, 361-62), or in this appeal