# United States Court of Appeals for the Federal Circuit

2006-3144

NORBERTO PEREZ,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Stuart A. Kirsch, American Federation of Government Employees, of Riverdale, Georgia, filed a combined petition for panel rehearing and rehearing en banc for petitioner. With him on the petition was Mark D. Roth, of Washington, DC.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for respondent. With him on the response were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: Arbitrator Decision

# United States Court of Appeals for the Federal Circuit

2006-3144

NORBERTO PEREZ,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

ON PETITION FOR PANEL REHEARING
AND REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>,[*] NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

BRYSON, <u>Circuit Judge</u>, with whom MICHEL, <u>Chief Judge</u>, and LOURIE, RADER, and SCHALL, <u>Circuit Judges</u>, join, concurs in the denial of the petition for rehearing en banc. DYK, <u>Circuit Judge</u>, with whom GAJARSA and LINN, <u>Circuit Judges</u>, join, dissents from the denial of the petition for rehearing en banc.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by the Petitioner, and a response thereto was invited by the court and filed by the Respondent. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

---

[*] Senior Judge Friedman, who was on the original panel, participated only in decision on the petition for panel rehearing.

IT IS ORDERED THAT:

(1)  The petition for panel rehearing is denied.

(2)  The petition for rehearing en banc is denied.

(3)  The mandate of the court will issue on November 26, 2007.


                                        FOR THE COURT


November 19, 2007                       /s/ Jan Horbaly_____
                                        Jan Horbaly
                                        Clerk


cc:    Stuart A. Kirsch, Esq.
       Michael J. Dierberg, Esq.

# United States Court of Appeals for the Federal Circuit

2006-3144

NORBERTO PEREZ,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

BRYSON, <u>Circuit Judge</u>, with whom MICHEL, <u>Chief Judge</u>, and LOURIE, RADER, and SCHALL, <u>Circuit Judges</u>, join, concurring in the denial of rehearing en banc.

I believe the panel opinion correctly analyzes the governing legal principles that apply to the issue before the court regarding the indefinite suspension of a federal employee because of alleged criminal conduct. There are other related issues regarding such suspensions that may need to be addressed in the future, but in my view they are not presented by the petition in this case. For those reasons, I do not favor rehearing en banc in this case.

It is worth reviewing the pertinent statutory provisions:

First, the provisions of subchapter II of chapter 75 of title 5 (i.e., sections 7511 through 7514) apply to, inter alia, a suspension for more than 14 days. 5 U.S.C. § 7512(2). Employees who are suspended for 14 days or less are not entitled to review by the Merit Systems Protection Board, but have rights to internal agency due process procedures, as specified in 5 U.S.C. § 7503.

Second, an agency cannot avoid the provisions of subchapter II, including Merit Systems Protection Board review, simply by denominating a suspension "indefinite." An indefinite suspension that lasts for more than 14 days clearly falls within the scope of section 7512(2). This court has sensibly construed the statute to apply to such indefinite suspensions. See Pararas-Carayannis v. Dep't of Commerce, 9 F.3d 955, 957 n.4 (Fed. Cir. 1993); Dunnington v. Dep't of Justice, 956 F.2d 1151, 1153 (Fed. Cir. 1992) (citing cases).

Third, an agency may take any action covered by section 7512, including indefinite suspensions lasting more than 14 days, only for "such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a).

Fourth, when an action under section 7512 is proposed, the employee is entitled to 30 days' advance written notice unless there is reasonable cause to believe the employee has committed a crime for which imprisonment may be imposed. 5 U.S.C. § 7513(b)(1).

Fifth, any employee against whom an action covered by section 7512 is taken may appeal to the Merit Systems Protection Board. 5 U.S.C. § 7513(d).

Sixth, when an employee takes a Board appeal from an action falling within section 7512, the agency's decision must be "supported by a preponderance of the evidence" in order for the Board to sustain the agency action. 5 U.S.C. § 7701(c)(1)(B).

This statutory scheme establishes two important, independent principles: First, any employee who is suspended for more than 14 days may appeal to the Merit Systems Protection Board, at which point the employing agency has the burden of showing by a preponderance of the evidence that the employee's suspension promoted

the efficiency of the service. 5 U.S.C. § 7513(a). Second, and separately, the agency may initiate such a suspension without providing the statutory 30 days' written notice if the agency has reasonable cause to believe the employee has committed a crime. 5 U.S.C. § 7513(b)(1). Thus, regardless of whether the agency has invoked its right under section 7513(b)(1) to avoid the 30-day notice requirement, the agency still has to satisfy the requirement of section 7513(a) to show that the suspension promoted the efficiency of the service. That requirement applies to every suspension, without regard to whether the suspension in question is based on alleged criminal conduct, and without regard to whether the agency has invoked the "reasonable cause" provision of section 7513(b)(1) to bypass the 30-day notice requirement. I understand the panel opinion to embrace this interpretation of sections 7513(a) and 7513(b)(1). I certainly do not interpret the panel opinion to suggest that a suspension based on alleged criminal conduct need not be justified at all as long as the employing agency gives the employee 30 days' notice of its intention to suspend him.

In prior cases discussed by the panel majority and dissent, beginning with the Dunnington case, this court has made statements that suggest a different approach. For example, in Pararas-Caryannis v. Department of Commerce, 9 F.3d 955, 957 (Fed. Cir. 1993), the court stated that "[i]n order for the MSPB to sustain an indefinite suspension, the agency must establish by a preponderance of the evidence that it had reasonable cause to believe the employee committed a crime for which imprisonment may be imposed." See also Richardson v. U.S. Customs Serv., 47 F.3d 415, 419 (Fed. Cir. 1995). That statement seems to me to conflate the requirements of sections 7513(a) and 7513(b), even though those two provisions address entirely different

matters—in the first, what is required to sustain a suspension (section 7513(a)), and in the second, what is required to bypass the 30-day notice requirement (section 7513(b)(1)).  The problem with conflating those two requirements was not highlighted in those prior cases, because in each of them the suspension was imposed without observance of the 30-day notice requirement, and it was thus proper for the court to focus, at least for purposes of the notice provision, on whether the "reasonable cause" requirement of section 7513(b)(1) was satisfied.  But the problem with that approach is clear in a case such as this one, where the 30-day notice requirement was satisfied.  Applying the approach used in the Dunnington line of cases to this case would seem to import the "reasonable cause" requirement from a statutory provision—section 7513(b)(1)—that is inapplicable on its face to the suspension at issue.  Moreover, that approach would result in imposing different proof requirements on the agency depending on whether the suspension was denominated "indefinite" and whether the conduct that gave rise to the suspension is alleged to be criminal.

Thus, in the Dunnington line of cases this court has stated that indefinite suspensions based on alleged criminal conduct can be sustained if the agency can show reasonable cause to believe the criminal conduct occurred.  Dunnington, 956 F.2d at 1156 ("facts [supporting suspension] must be sufficient to meet the statutory test of reasonable cause"); Pararas-Carayannis, 9 F.3d at 957 ("the agency must establish by a preponderance of the evidence that it had reasonable case to believe the employee committed a crime for which imprisonment may be imposed"); Richardson, 47 F.3d at 419 (section 7513(b) "is read as establishing an independent standard for a limited adverse action"); Morrison v. Nat'l Science Found., 423 F.3d 1366, 1368-69 n.* (Fed.

Cir. 2005) (section 7513(b)(1) reasonable cause standard "has been applied as well to the agency's decision to impose an indefinite suspension"). Yet outside the context of indefinite suspensions imposed without 30 days' notice, this court has repeatedly held that disciplinary actions can be upheld only if the agency can show by a preponderance of the evidence that the employee has committed all the elements of the charged act. See King v. Nazelrod, 43 F.3d 663, 666 (Fed. Cir. 1994); Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546-47 (Fed. Cir. 1994); Dixon v. Dep't of Transp., 8 F.3d 798, 803 (Fed. Cir. 1993); Burroughs v. Dep't of the Army, 918 F.2d 170, 172 (Fed. Cir. 1990); Naekel v. Dep't of Transp., 782 F.2d 975, 977 (Fed. Cir. 1986); Hale v. Dep't of Transp., 772 F.2d 882, 885 (Fed. Cir. 1985). That rule has been applied to all forms of disciplinary action covered by section 7512, and it has been applied to criminal as well as non-criminal conduct, as the cited cases make clear. The statutory analysis in the Dunnington line of cases therefore leads to an apparent conflict with the broader line of cases involving the requirement that disciplinary charges be sustained by a preponderance of the evidence.[1]

The apparent conflict between these two lines of cases is not addressed or resolved in the panel opinion and will likely require further attention in future cases. The

---

[1]    Apart from the fact that we have regularly applied the preponderance standard to proof of conduct that is the basis for disciplinary action, even when that conduct is criminal, it would be odd to apply a different ultimate burden of proof depending on whether the charged conduct constituted a crime for which imprisonment could be imposed. Suppose, for example, an employee is suspended for assaulting a co-worker. Should the standard of proof to sustain the disciplinary action depend on whether the charged conduct would be an imprisonable crime under applicable state or federal law? If so, the standard of proof could end up turning on whether the conduct qualified as aggravated assault rather than simple assault. Or, if the discipline was imposed for theft, the standard of proof could depend on whether the amount taken constituted grand larceny under the particular state's law or merely petty larceny. That makes no sense, and it is certainly not dictated by anything in section 7513.

conflict does tend to demonstrate, however, that the approach taken in the panel opinion—construing section 7513(b)(1) to set forth the circumstances needed to justify overriding the 30-day notice requirement and not the degree of proof ultimately needed to justify the suspension itself—is the correct one.  Because the panel opinion and the petition for rehearing, as I read them, are limited to addressing that narrow question and do not address broader issues such as those adverted to above, I do not favor granting rehearing en banc to address them.

# United States Court of Appeals for the Federal Circuit

2006-3144

NORBERTO PEREZ,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

DYK, <u>Circuit Judge</u>, with whom GAJARSA and LINN, <u>Circuit Judges</u>, join, dissenting from denial of rehearing en banc.

I respectfully dissent from the denial of rehearing en banc in this case. This case presents an important issue—whether, apart from section 7513(b)(1), an agency must have reasonable cause before it may impose an indefinite suspension (lasting more than fourteen days) pending an investigation. The majority's decision here rests on its holding that the employee failed to raise this reasonable cause issue, when in my view the issue was squarely raised. While unfair to the particular employee, correction of this error may not warrant en banc review. However, in my view en banc consideration is warranted because the majority's decision here has created confusion in an important area.

The majority made clear that it did not interpret 5 U.S.C. § 7513(b)(1) to require reasonable cause when an agency gives an employee more than thirty days' notice of an indefinite suspension. <u>Perez v. Dep't of Justice</u>, 480 F.3d 1309, 1311 (Fed. Cir. 2007). The majority's opinion is unclear, however, as to whether another provision imposes a reasonableness requirement. For example, the opinion appears to leave

open whether section 7513(a), stating that the agency action shall be taken "only for such cause as will promote the efficiency of the service," might a require reasonable basis to support an indefinite suspension. The majority notes that "[a]rbitrary action against an employee would not satisfy that standard." Perez, 480 F.3d at 1313. As noted in my panel dissent, I think the answer is clear and uncomplicated: a reasonable basis, or reasonable cause, requirement is applicable to all indefinite suspensions lasting more than fourteen days, and necessarily follows from the agency's admitted obligation to avoid arbitrary action. In order to support an indefinite suspension pending investigation there is no requirement that the agency establish by a preponderance of the evidence that the employee committed the act being investigated (regardless of whether the conduct charged is a crime), but there is a requirement that the agency have reasonable cause to conclude that the employee did so.

The confusion is compounded by the majority's statement that the conclusion in our prior cases—that reasonable cause is required—was merely dictum. In my view our previous decisions have in fact held that "[i]n order for the MSPB to sustain an indefinite suspension, the agency must establish by a preponderance of the evidence that it had reasonable cause to believe the employee committed a crime for which imprisonment may be imposed." Pararas-Carayannis v. Dep't of Commerce, 9 F.3d 955, 957 (Fed. Cir. 1993); see also Morrison v. Nat'l Sci. Found., 423 F.3d 1366, 1368-69 n.* (Fed. Cir. 2005) ("[T]he same standard—that there is reasonable cause to believe the employee committed a crime for which a sentence of imprisonment may be imposed—has been applied as well to the agency's decision to impose an indefinite suspension."). The majority's characterization of the holdings in those cases as dicta is, of course, itself

dictum, but the majority's dictum has unfortunately cast doubt on the continued vitality of those earlier decisions.

In my view, the panel opinion here will lead to unnecessary confusion as to what is required of an agency before it may indefinitely suspend an employee. Although I would grant en banc review in this case, I welcome Judge Bryson's view expressed in his concurrence that the court must address these issues in a future case. One may hope that this will happen sooner rather than later given the importance of the standards for indefinite suspensions pending investigation.