NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009[*]
Decided April 7, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3076

| | |
|---|---|
| THOMAS M. McCARTHY, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Western |
| | District of Wisconsin. |
|     *v.* | |
| | No. 08-cv-381-bbc |
| THOMAS J. VILSACK, | |
| Secretary of Agriculture, | Barbara B. Crabb, |
| United States Department of | *Chief Judge.* |
| Agriculture, | |
|     *Defendant-Appellee.* | |

**O R D E R**

Thomas McCarthy appeals from the dismissal of his lawsuit against the United States Department of Agriculture. The district court construed his complaint as raising a

---

[*] The appellee was not served in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, and dismissed for failure to exhaust administrative remedies. We affirm the judgment but on a different ground.

McCarthy worked for the USDA until June 2006. By all appearances he resigned in exchange for a small cash settlement and the agency's promise to stop an ongoing disciplinary proceeding and remove the accompanying accusations from his employment file. But McCarthy says in his federal complaint that he feared being fired and settled the matter under "duress" to avoid jeopardizing his pension and health benefits. He seeks reinstatement with back benefits and a clean employment file.

The district court was uncertain how to interpret McCarthy's lawsuit. The complaint does not identify any legal basis for the relief sought, and though the word "discrimination" appears once in the document, McCarthy principally alleges that he resigned under duress arising from "hostile environments, failure to investigate abuses, soliciting others to say bad things about me, railroading," and pressure to reduce staffing levels. He does not say that the USDA forced him out because of his age or any other prohibited factor. But McCarthy attached to his complaint a ruling from the Equal Employment Opportunity Commission; that decision mentions the ADEA, and thus the district court inferred that McCarthy meant to claim that he was constructively discharged because of his age. The court reasoned, however, that the ADEA claim should be dismissed *sua sponte* because, according to the court, the complaint and its attachments evidence that McCarthy did not exhaust his administrative remedies. McCarthy does not dispute the conclusion that his complaint arises under the ADEA, but he does object to the court's exhaustion analysis.

Before he brought his federal lawsuit, McCarthy had tried to regain his job by filing an action with the Merits System Protection Board. The MSPB is empowered to hear disputes arising from a permanent removal from employment; a suspension greater than 14 days; a reduction in grade or in pay; and a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7513(d); *Perez v. Dep't of Justice*, 508 F.3d 1019, 1020 (Fed. Cir. 2007). A federal employee aggrieved by a personnel action that is reviewable by the MSPB has two paths of redress if he attributes the employing agency's decision, at least in part, to discriminatory animus. One option is to file with the agency a "mixed case complaint"—an administrative complaint alleging prohibited employment discrimination "related to or stemming from an action that can be appealed to" the MSPB. *See* 5 U.S.C. § 7702(a)(2); 29 C.F.R. § 1614.302(a)(1), (b); *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 470 (6th Cir. 2003); *Wells v. Shalala*, 228 F.3d 1137, 1142-43 (10th Cir. 2000). The second option is to bypass the agency's administrative process and file a "mixed case appeal" directly with the MSPB. *See* 5 U.S.C. §§ 7513(d), 7702(a)(1); 5 C.F.R. §§ 1201.22(b)(1), 1201.151; 29 C.F.R. § 1614.302(a)(2), (b); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc); *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004). If the MSPB reaches the merits of the case but

issues an unfavorable ruling, the employee may file a civil action in the district court either with or without first petitioning the EEOC to review the MSPB's determination that the personnel action did not result from unlawful discrimination. *See* 5 U.S.C. § 7702(a)(3), (b); 5 C.F.R. § 1201.157; *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003). If, however, the MSPB dismisses the mixed appeal on the ground that the personnel action is not one within its purview, then the employee's only recourse is to appeal to the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C.A. § 1295(a)(9); *Sloan v. West*, 140 F.3d 1255, 1261-62 (9th Cir. 1998). That is, the EEOC cannot review an MSPB decision that doesn't resolve the merits of an employee's claim of unlawful discrimination, nor can the employee file a civil complaint in district court; the discrimination claim will be extinguished unless the Federal Circuit reverses the MSPB's jurisdictional dismissal. *See* 5 U.S.C. § 7702(b)(3); *Burzynski v. Cohen*, 264 F.3d 611, 620 (6th Cir. 2001); MERIT SYSTEMS PROTECTION BOARD, RIGHTS AND REMEDIES § 8.04 (Law Journal Press 2009).

McCarthy took the second route. In April 2007, almost 10 months after he executed the settlement, he filed a "mixed case appeal" with the MSPB alleging that he was pressured to resign in part due to his age. An administrative judge recognized that the appeal was untimely but chose to dismiss not on that basis but on the ground that McCarthy had failed to make a colorable showing that his separation from the USDA was attributable to a personnel action that could be reviewed by the MSPB. *McCarthy v. Dep't of Agric.*, 2007 WL 1838971, at *5 (Merit Sys. Prot. Bd. 2007). Resignation is not a personnel action within the scope of the MSPB's review, though constructive discharge is, *see Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001), and the administrative judge concluded that McCarthy's appeal did not present a nonfrivolous allegation that his retirement constituted a constructive discharge. *McCarthy*, 2007 WL 1838971, at *5. The administrative judge thus dismissed the appeal as outside its jurisdiction, *id.*, since a frivolous claim does not engage the jurisdiction of the MSPB, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) ("Normally failure on the merits leads to judgment in defendants' favor rather than to dismissal for lack of jurisdiction. . . . But some theories are such piffle that they fail even to make out claims arising under federal law, and these must be dismissed for want of jurisdiction."); *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003); *Burzynski*, 264 F.3d at 620; *Wall v. United States*, 871 F.2d 1540, 1543 (10th Cir. 1989); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988). That dismissal became the final decision of the MSPB when McCarthy's request for review by the entire Board was denied. *McCarthy v. Dep't of Agric.*, 107 M.S.P.R. 249 (2007).

Because the MSPB did not reach the merits of his discrimination claim, McCarthy should have appealed to the Federal Circuit. He did not. Instead he asked the EEOC to review the MSPB's decision. The EEOC declined. *McCarthy v. Shafer*, EEOC Doc. 0320080062, 2008 WL 2435804 (June 3, 2008). The EEOC began by correctly acknowledging that it has jurisdiction to review MSPB rulings on claims of unlawful

discrimination that are included in mixed case appeals. *Id.* at *1; *see* 5 U.S.C. § 7702(b); 29 C.F.R. §§ 1614.302(c)(2)(1), 1614.303. But in this instance, said the EEOC, it lacked jurisdiction to review the MSPB decision because the administrative judge had dismissed McCarthy's appeal as "untimely" without "addressing any matters within the Commission's jurisdiction." *McCarthy*, 2008 WL 2435804, at *1. At the end of this written decision, the EEOC advised McCarthy that the administrative process was over, and that within 30 days he could "file a civil action" in district court "based on the decision of the Merit Systems Protection Board." *Id*.

The EEOC misread the MSPB's decision, and its advice was wrong. The administrative judge did not reject McCarthy's appeal as untimely. *See* 5 C.F.R. § 1201.12 (authorizing administrative judge to waive filing deadline for MSPB appeals); *Petric v. Office of Pers. Mgmt.*, 108 M.S.P.R. 342, 344-45 (2008) (holding that, in cases where employee claims that his retirement was coerced, MSPB should address its jurisdiction before disposing of appeal on timeliness grounds); *Shelton v. Dep't of the Army*, 99 M.S.P.R. 126, 132 (2005) (same). The EEOC's mistake is irrelevant, however, because it should not have been reviewing the MSPB's decision at all.

Every circuit that has spoken on the issue agrees that a federal employee who opts to take a mixed case appeal directly to the MSPB cannot file a discrimination lawsuit in district court if the MSPB dismisses the case on jurisdictional grounds. *See Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1007 (10th Cir. 2003); *Burzynski*, 264 F.3d at 620; *Powell v. Dep't of Def.*, 158 F.3d 597, 599 (D.C. Cir. 1998); *Sloan*, 140 F.3d at 1261-62; *Wall*, 871 F.2d at 1543-44; *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1247 (Fed.Cir. 1984). Only the Federal Circuit has authority to review a decision, like the one made in McCarthy's case, that the MSPB did not have jurisdiction to assess the validity of a challenged personnel action. *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C.A. § 1295(a)(9); *Sloan*, 140 F.3d at 1261-62. McCarthy's claims were still under the purview of the MSPB and the Federal Circuit, so he could not take his claim of age discrimination to the district court. *See Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006); *Paige v. Cisneros*, 91 F.3d 40, 43 (7th Cir. 1996); *Ayrault v. Pena*, 60 F.3d 346, 348 (7th Cir. 1995). If McCarthy had appealed the MSPB's decision to the Federal Circuit, and if the Federal Circuit had overturned the initial determination that his complaint was frivolous and thus outside the MSPB's jurisdiction, then the matter would have been remanded to the administrative judge for a full hearing on the merits of the discrimination claim. *See* FED. CIR. R. 15(c); *Wall*, 871 F.2d at 1543. And if the merits hearing did not go his way, McCarthy then could have filed a civil action under the ADEA. On the other hand, if the Federal Circuit upholds a determination that a claim of constructive discharge was frivolous, then the employee cannot argue in district court that the adverse action was based on discrimination. *See Wall*, 871 F.3d at 1543. He can appeal the Federal Circuit's ruling to the Supreme Court, but he cannot avoid the rulings of the MSPB or the Federal Circuit simply

by filing a civil suit in the district court.  *See Richards*, 461 F.3d at 885.  Accordingly, the district court properly dismissed McCarthy's complaint.

                                                                                                    AFFIRMED.